Donald L. Wennlund & Associates, New Lenox, for plaintiff.

Robert A. Downing, Sidley & Austin, Eugene A. Schoon, Chicago, for defendants.

### Memorandum

LEIGHTON, District Judge.

This cause is before the court on the motion of defendant D. James Bader to dismiss pursuant to Rule 12(b)(7), Fed.R. Civ.P., for failure to join an indispensable party. He contends that the allegations in this suit are identical in all material respects to those in a bankruptcy adversary proceeding also pending in this court, except that the bankrupt, Thomas A. Eustace, has not been named in the case because of the automatic stay provisions of 11 U.S.C. § 362. Defendant claims both this suit and the adversary proceeding arise out of the same transaction and involve property of the bankruptcy estate of Thomas A. Eustace.

According to defendant, the resolution of this suit requires the court to determine whether the bankrupt's alleged assignment of a beneficial interest in a land trust to a corporation of which he is president, was of any effect, or, whether the estate holds any interest in the property as security for a debt alleged in both suits. Thus, defendant

**Maurice R. WHYTE, Plaintiff,**

v.

**D. James BADER, Raymond J. Eustace, Jack M. Carlstrom, Lynn M. Carlstrom, Mainline Petroleum Distributors, Inc., an Illinois corporation, and South Holland Trust & Savings Bank, as Trustee under Trust Agreement dated June 17, 1982, and known as Trust No. 6335, Defendants.**

No. 85C2279.

United States District Court, N.D. Illinois, E.D.

Dec. 6, 1985.

insists that Eustace and the bankruptcy estate are necessary parties to this suit.

Plaintiff contends that the adversary proceeding was voluntarily dismissed on February 24, 1984. He asserts Eustace claimed no interest in the trust in dispute when he filed his verified bankruptcy petition; and therefore, the case at bar does not involve or affect the property of the bankruptcy estate. Further, plaintiff argues that complete relief can be had without joining Eustace or the bankruptcy estate, and that joinder of Eustace will deprive this court of jurisdiction. Plaintiff insists that his allegations in this suit relate to the actions of defendant Bader and do not involve title to the property of the debtor. Finally, plaintiff contends that if this suit is dismissed, he will be without relief because the one-year limitations period in which to refile following a voluntary dismissal has now elapsed.

In reply, defendant asserts that the voluntary dismissal was withdrawn by the parties, and notes that on February 5, 1985, the bankruptcy court entered an order certifying the adversary proceeding for reassignment to this court. Defendant contends that complete and just relief cannot be granted in the absence of Eustace and that proceeding without him would risk a double recovery to plaintiff. According to defendant, the case directly concerns the bankruptcy estate; it involves a debt of Eustace to plaintiff, and the interests each party has in certain property.

Rule 19(a) sets forth the criteria to be used in determining whether an absent party should be joined if feasible, but only if such joinder will not destroy a court's jurisdiction. Rule 19(a), Fed.R.Civ.P. Where, as here, a person cannot be made a party, under Rule 19(b) the court must determine whether, "in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable." Rule 19(b), Fed.R.Civ.P. Four factors are to be weighed in this analysis: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or others already parties, (2) the extent to which prejudice can be lessened or avoided by the shaping of relief or protective provisions in the judgment, (3) whether the judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. *Id.*

The court has reviewed both the docket sheet and the complaint in the adversary proceeding and concludes that the complaint in that proceeding is identical to the case at bar, except that the case at bar has omitted Eustace as a party. Further, the docket shows that no voluntary dismissal has been entered in that case; to the contrary, the case is presently pending before this court.

As to the factors under Rule 19, the first consideration is prejudice to the absent party or those already parties. It is clear that allowing this case to proceed may allow plaintiff to reap double recovery, since the claims are nearly identical to those pending in the adversary proceeding. It would also prejudice Eustace, since the allegations involve the bankruptcy estate. The inquiry under this section is simply whether, as a practical matter, a judgment in this suit would prejudice absent parties. *See Schmidt v. E.N. Maisel & Assoc.*, 105 F.R.D. 157, 160 (N.D.Ill.1985).

The second consideration is to what extent the court can minimize any prejudice by carefully shaping its relief. The relief sought by plaintiff includes money damages, injunctive relief, a declaration that defendants hold the beneficial interest for the benefit of plaintiff, and an order to reconvey the property. Thus, the relief sought essentially asks the court to declare that Eustace's assignment was of no effect. Such a holding would clearly affect the debtor's estate; further, plaintiff has not shown how the court could minimize this prejudicial impact in shaping the relief sought.

The third factor, whether an adequate judgment can be rendered in the absence of the non-joined parties, requires the court to consider the public interest in the complete

resolution of controversies. *Schmidt*, 105 F.R.D. at 161. Even if this court were to enter the relief sought by plaintiff, it would not settle the entire dispute, since plaintiff could still pursue his claim against Eustace in the adversary proceeding.

Finally, the fourth factor is whether plaintiff will have had an adequate remedy if the action is dismissed. As noted above, the adversary proceeding pending before this court involves the same claims, and includes the debtor, Thomas Eustace. Plaintiff thus has an adequate remedy available to him.

Based on these factors, the court concludes that Thomas A. Eustace is an indispensable party, that his joinder is not possible, and that in equity and good conscience this action should be dismissed. Accordingly, defendant's motion to dismiss is granted; this suit is dismissed in its entirety.

So ordered.